E-Filing

ADR

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
EVELINE HENRIETTE ROSENBERRY

ORIGINAL
FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT
NORTHERN DISTRICT
SAN JOSE CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

EVELINE HENRIETTE ROSENBERRY,

Plaintiff,

v.

CALIFORNIA SERVICE BUREAU, INC., a
California corporation, and STEVEN C.
HODGDON, individually and in his official
capacity,

Defendants.

Case No. _____

C 07 01549

COMPLAINT MEJ

DEMAND FOR JURY TRIAL

15 Unites States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, EVELINE HENRIETTE ROSENBERRY, based on information and belief
and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her
attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.      This is an action for statutory damages, attorney fees and costs brought by an
individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.
§ 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,
California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from
engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §
1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

-1-
COMPLAINT

1  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2          3.      This action arises out of Defendants' violations of the Fair Debt Collection

3  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

4                                **III.  VENUE**

5          4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8  Defendant transacts business in this judicial district and the violations of the FDCPA complained

9  of occurred in this judicial district.

10                      **IV.  INTRADISTRICT ASSIGNMENT**

11          5.      This lawsuit should be assigned to the San Francisco/Oakland Division of this

12  Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred

13  in Marin County.

14                                **V.  PARTIES**

15          6.      Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"),

16  is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the

17  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18          7.      Defendant, CALIFORNIA SERVICE BUREAU, INC. (hereinafter

19  "BUREAU"), is a California corporation engaged in the business of collecting debts in this state

20  with its principal place of business located at:  1602 Grant Avenue, 2nd Floor, Novato, Marin

21  County, California  94945-4244.  BUREAU may be served as follows:  California Service Bureau,

22  Inc., c/o Manoj Sharma, Agent for Service of Process, 1602 Grant Avenue, 2nd Floor, Novato, Marin

23  County, California 94945-4244.  The principal business of BUREAU is the collection of debts using

24  the mails and telephone, and BUREAU regularly attempts to collect debts alleged to be due another.

25  BUREAU is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code §

26  1788.2(c).

27          8.      Defendant, STEVEN C. HODGDON (hereinafter "HODGDON"), is a natural

28  person and is or was an employee, agent, officer and/or director of BUREAU at all relevant times.

1   HODGDON may be served at his current business address at:  Steven C. Hodgdon, California

2   Service Bureau, Inc., 1602 Grant Avenue, 2nd Floor, Novato, Marin County, California 94945-4244

3   and at his residence address at: Steven C. Hodgdon, 10 Baytree Road, San Rafael, Marin County,

4   California  94903-3801.  HODGDON is a "debt collector" within the meaning of 15 U.S.C. §

5   1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges

6   that HODGDON is liable for the acts of BUREAU because he sets and approves BUREAU

7   collection policies, practices, procedures and he directed the unlawful activities described herein.

8            9.        At all times herein mentioned, each of the Defendants was an officer, director,

9   agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

10   times, each Defendant was acting in the full course and scope of said office, directorship, agency,

11   service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

12   qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

14            10.       On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have

15   incurred a financial obligation that was primarily for personal, family or household purposes, namely

16   a consumer credit account owed to Addison Avenue Federal Credit Union and bearing the account

17   number XXX2989 (hereinafter "the alleged debt").  The financial obligation alleged to be owed to

18   Addison Avenue Federal Credit Union by the Plaintiff is a "debt" as that term is defined by 15

19   U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

20            11.       Sometime thereafter, on a date unknown to the Plaintiff, the debt was

21   consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

22            12.       Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

23   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24            13.       A true and accurate copy of the first collection letter from Defendants to

25   Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

26            14.       The first collection letter (Exhibit "1") is dated November 16, 2006.

27            15.       The first collection letter (Exhibit "1") was sent in an envelope on which a

28   postage meter stamp dated November 16, 2006, was imprinted.

16.     Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the first collection letter (Exhibit "1") in the United States Mail on or about November 16, 2006.

17.     Plaintiff received the envelope containing the first collection letter (Exhibit "1") from Defendants on or after November 17, 2006.

18.     The collection letter (Exhibit "1") was the Defendants' first written notice initially addressed to the Plaintiff in connection with collecting the debt allegedly owed to Addison Avenue Federal Credit Union.

19.     On or about November 21, 2006, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law Center, Inc., sent a letter to Defendants via first-class Certified Mail which stated in relevant part:

> Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief. The purpose of this letter is two-fold. First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY AN ATTORNEY.** As a result of this notice, and pursuant to Section 1692(b)(6) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

20.     A true and accurate copy of the Plaintiff's counsel's November 21, 2006, representation letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

21.     Defendants received Plaintiff's counsel's representation letter (Exhibit "2") on or about November 24, 2006.

22.     A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's counsel's representation letter (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

23.     Thereafter, Defendants sent a second collection letter (Exhibit "4"), directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15

-4-
COMPLAINT

1 U.S.C. § 1692a(2).

2        24.     A true and accurate copy of the second collection letter from Defendants to

3 Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

4        25.     The second collection letter (Exhibit "4") is dated January 17, 2007.

5        26.     The second collection letter (Exhibit "4") was sent in an envelope on which

6 a postage meter stamp dated January 18, 2007, was imprinted.

7        27.     Plaintiff is informed and believes, and thereon alleges that Defendants

8 deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail

9 on or about January 18, 2007.

10        28.     Plaintiff received the envelope containing the second collection letter (Exhibit

11 "4") from Defendants on or after January 19, 2007.

12 **VII.  CLAIMS**

13 **FAIR DEBT COLLECTION PRACTICES ACT**

14        29.     Plaintiff brings the first claim for relief against Defendants under the Federal

15 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

16        30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

17 28 above.

18        31.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

19 1692a(3).

20        32.     Defendant, BUREAU, is a "debt collector" as that term is defined by the

21 FDCPA, 15 U.S.C. § 1692a(6).

22        33.     Defendant, HODGDON, is a "debt collector" as that term is defined by the

23 FDCPA, 15 U.S.C. § 1692a(6).

24        34.     The financial obligation allegedly owed to Addison Avenue Federal Credit

25 Union by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

26        35.     Defendants have violated the FDCPA in the following respects:

27           a.     Defendants continued to communicate directly with Plaintiff

28                  regarding the collection of the debt allegedly owed to Addison

-5-
COMPLAINT

Avenue Federal Credit Union after they knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2).

36. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

38. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

39. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37 above.

40. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

41. Defendant, BUREAU, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42. Defendant, HODGDON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43. The financial obligation allegedly owed to Addison Avenue Federal Credit Union by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

44. Defendants have violated the RFDCPA in the following respects:

a. Defendant continued to communicate directly with Plaintiff regarding the collection of the debt allegedly owed to Addison Avenue Federal Credit Union after they knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2), as incorporated by Cal. Civil Code § 1788.17, and Cal.

-6-
COMPLAINT

1    Civil Code § 1788.14(c).

2         45.    Defendants' acts as described above were done willfully and knowingly with

3    the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

4    1788.30(b).

5         46.    As a result of the Defendants' willful and knowing violations of the RFDCPA,

6    the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred

7    dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code §

8    1788.30(b).

9         47.    As a result of the Defendants' violations of the RFDCPA, the Plaintiff is

10   entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated

11   by Cal. Civil Code § 1788.17.

12        48.    As a result of the Defendants' violations of the RFDCPA the Plaintiff is

13   entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §

14   1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

15        49.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

16   RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

17   that the Plaintiff may have under any other provision of law.

18                        **VIII.  REQUEST FOR RELIEF**

19   The Plaintiff requests that this Court:

20   a.    Assume jurisdiction in this proceeding;

21   b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

22         § 1692c(a)(2);

23   c.    Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act,

24         Cal. Civil Code §§ 1788.14(c) and 1788.17;

25   d.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant

26         to 15 U.S.C. § 1692k(a)(2)(A);

27   e.    Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater

28         than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

1    f.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant

2          to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

3    g.    Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to

4          15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

5    h.    Award the Plaintiff such other and further relief as may be just and proper.

6

7                                        CONSUMER LAW CENTER, INC.

8

9                                        By: /s/ Fred W. Schwinn
                                         Fred W. Schwinn, Esq.
                                         Attorney for Plaintiff
10                                       EVELINE HENRIETTE
                                         ROSENBERRY
11

12   **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

13        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

14   named parties, there is no such interest to report.

15                                       /s/ Fred W. Schwinn
                                         Fred W. Schwinn, Esq.
16

17   **DEMAND FOR JURY TRIAL**

18        PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby

19   demands a trial by jury of all triable issues of fact in the above-captioned case.

20                                       /s/ Fred W. Schwinn
21                                       Fred W. Schwinn, Esq.

22

23

24

25

26

27

28